UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | No. 2:20-cv-2467 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. In addition, plaintiff has filed two motions for preliminary injunctive relief and a request for a settlement conference. ECF Nos. 3, 6, 7. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. However, the undersigned will recommend that this action be dismissed for failure to state a claim upon which relief may be granted, and that plaintiff's preliminary injunction motions be denied. Finally, plaintiff's motion for a settlement conference will be denied as moot.

I.    <u>IN FORMA PAUPERIS APPLICATION</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

1

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

2

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

////

IV.     PLAINTIFF'S COMPLAINT

Plaintiff, an inmate currently housed at California Health Care Facility ("CHCF"), alleges that CDCR Secretary Kathleen Allison and Chief Deputy Warden T. Tyler of CHCF violated his Fourteenth Amendment rights when they failed to make available to him the recall of commitment process referenced in California Code of Regulations Title 15, § 3076(a).  See ECF No. 1 at 3.  Plaintiff also alleges that Detectives B. Sokoloff and W. Martin of the Porterville Police Department violated his rights under the Fourth Amendment when, acting outside their jurisdiction, they arrested and charged plaintiff with a crime and never testified in court as to the lawfulness of his arrest or the related investigation.  Specifically, these police defendants failed to interview alleged victims and witnesses and failed to gather and properly handle evidence, among other things.  See id. at 4.

Plaintiff seeks an injunction directing the Secretary to comply with CCR Title 15 § 3076(a) and recommend that his commitment be recalled.  See ECF No. 1 at 6.  He also asks for "a settlement for false imprisonment."  See id.

V.      DISCUSSION

        A.     Fourteenth Amendment Claims:  Defendants Allison and Tyler

              1. Facts Alleged

The complaint alleges that defendants Allison and Tyler deprived plaintiff of his right to due process when they failed to provide the recall of commitment process under California Code of Regulations Title 15, § 3076(a).  See ECF No. 1 at 3.  Plaintiff states:

> [I am] suing the Defendant Kathleen Allison and the Defendant T. Tyler for their failures to make the recall of commitment process available to me as an inmate of CDCR that is described in the Calif. Code of Regulations Title 15, 3076(a)(2).  I filed multiple administrative appeals, and sent a letter directly to the Defendant Kathleen Allison and she failed to respond.  Defendant T. Tyler the CDW(A) of the Calif. Health Care Facility denied the relief requested without returning the actual appeal 602 and without interviewing plaintiff or plaintiff's sister, and without examining evidence and exhibits at the arbitrary and capricious and the irrational whims.  [I am] kidnap – false imprisoned – under "unreasonable seizure."  The Defendant Kathleen Allison is guilty in her individual and official capacity.

ECF No. 1 at 3.

2. <u>Analysis</u>

These allegations against defendants Allison and Tyler fail to state a claim upon which relief may be granted. The court infers from the language of the complaint that plaintiff alleges both that (1) he was entitled to go through the recall of commitment process, and (2) he did not receive due process with respect to the 602 grievances he filed once he was denied the opportunity. The court will address these assertions in turn.

a. <u>Alleged Entitlement to Recall Process</u>

First, to the extent plaintiff contends that he is entitled to have the recall of commitment process available to him and that it was wrongfully denied, prisoners have no state law right to seek enforcement of the recall of commitment procedure. Indeed, the language in the Section 3076 is optional. <u>See</u> Cal. Code Regs. Tit. 15, § 3076 (stating secretary or designee *may* recommend a recall of inmate's commitment). To give rise to a liberty interest protected by the due process clause, a regulation must contain explicitly mandatory language. <u>See</u> <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 463 (1989); <u>see</u> <u>also</u> <u>Mendoza v. Blodgett</u>, 960 F.2d 1425, 1428 (9th Cir. 1992) ("A state creates a protected liberty interest when it places substantive limitations on official discretion."); <u>In re Ilasa</u>, 3 Cal.App.5th 489, 504-505 (2016) (citation omitted). Thus, any denial of access to the recall of commitment process by defendants Allison and Tyler is not actionable under the Due Process Clause.

Additionally, Section 3076's recall of commitment provision provides no private cause of action for a prisoner who has not actually been recommended for recall of his commitment. <u>See</u> <u>Williamson v. Yates</u>, No. 1:11-CV-00155-GBC, 2011 WL 3290171, at *3 (E.D. Cal. July 28, 2011); <u>Larson v. Runnels</u>, No. CIV-S-07-0806 FCD DAD P, 2007 WL 4557103, at *2 (E.D. Cal. Dec. 21, 2007). Plaintiff makes no claim in the complaint that he received a recommendation for recall. <u>See</u> generally ECF No. 1. Without such initial recommendation, he cannot maintain a claim.

Finally, any alleged abuses of discretion by defendants are not cognizable in this court because they implicate no federal right. Defendants' discretionary decision was based upon state law. A litigant may not transform a state law issue into a federal one merely by asserting a

5

violation of due process. Langford v. Day, 110 F.3d 1380, 1380 (9th Cir.). cert. denied, 522 U.S. 881 (1997). For all these reasons, plaintiff may not maintain a due process claim based on the failure to make the recall of commitment process available to him.

### b. Alleged Deprivation of Due Process During Grievance Proceedings

Because plaintiff has failed to show that he was, in fact, entitled to take part in the recall of commitment process – i.e., that he had received a recommendation for recall – he has failed to show that he had a state-created liberty interest. Without such a showing, plaintiff cannot maintain a claim that he was deprived of due process in his subsequent, related grievance proceedings. "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." Olim v. Wakinekona, 461 U.S. 238, 250 n.12 (1983); see also James v. Rowlands, 606 F.3d 646, 656-57 (9th Cir. 2010) (citing Wakinekona). Accordingly, plaintiff may not maintain a due process claim based on the handling of his administrative appeals.

### 3. Conclusion

For the reasons explained above, plaintiff's due process claim(s) against defendants Allison and Henry fail to state any cognizable grounds for relief. Accordingly, these claims should be dismissed.

## B. Fourth Amendment Claims: Defendants Sokoloff and Martin

### 1. Facts Alleged

Plaintiff's Fourth Amendment claim asserted against defendants Sokoloff and Martin of the Porterville Police Department alleges "kidnap – false imprisonment" and "unreasonable seizure." See ECF No. 1 at 4. The claim states, in its entirety, as follows:

> The parties in the Trial court perpetrated structural errors by not compelling the City of Porterville's Police Dept. to testify in the entire case against [me] that directly leads to [my] current commitments to the State Prison as to their jurisdictions and their probable cause to seize [me] for any crime. Defendant B. Sokoloff and Defendant W. Martin authored the booking sheets to seize [me] and charge [me] with crime, outside their jurisdictions, and never testify in Court to a lawful arrest. It's a kidnap – false imprisonment – "unreasonable seizure". They fail to testify to the alleged investigations, and interviewing the alleged victims and witnesses, and fail to testify to evidence gathering and handling.

> Nobody testifies from the City of Porterville's Police Dept [My] current commitments to State Prison began June 5, 2018. Defendant Kathleen Allison is guilty of false imprisonment and a "unreasonable seizure". This is all criminal misconduct.

ECF No. 1 at 4.

### 2. Analysis

Plaintiff's Fourth Amendment claim against defendants Sokoloff and Martin fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). This is because the claim necessarily challenges the legitimacy of plaintiff's conviction.

"[W]hen a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (citing Rodriguez). A Section 1983 complaint will not support such claims. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser, 411 U.S. at 489) (stating Section 1983 action will not lie when prisoner challenges fact or duration of confinement).

Moreover, plaintiff is barred from pursuing a claim for damages that implies the invalidity of his conviction, unless he has already had that conviction invalidated. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Plaintiff's allegations clearly imply that his conviction and resulting custody are invalid as the result of the officers' actions. Relief is accordingly barred.

### C.   No Leave to Amend

Typically, a court will grant leave to amend if it appears at all possible that a plaintiff can correct defects in the complaint. See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017). If, however, it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); see also Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

////

In this case, amendment would be futile. Plaintiff's due process claim(s) related to application of Cal. Code Regs. Tit. 15, § 3076 cannot be cured by the allegation of different or additional facts. It is clear as a matter of law, for the reasons previously explained, that the matter of which plaintiff complains does not implicate his federally protected rights and therefore cannot support a claim under 42 U.S.C. § 1983. Accordingly, leave to amend the claims against the Secretary and the Deputy Warden would be futile.

The Fourth Amendment claim against the police officers also cannot be cured by amendment. First, plaintiff may not pursue a civil claim for damages that implies the invalidity of his conviction. Heck, 512 U.S. at 487. Before bringing such a claim, plaintiff must first have his conviction set aside. Id. at 486-487. That remedy is not available in this lawsuit, however. Preiser, 411 U.S. at 489.

The undersigned has considered and rejected the option of recharacterizing plaintiff's complaint as a habeas petition in light of his implicit challenge to the validity of his conviction. See Castro v. United States, 540 U.S. 375, 383 (2003); see generally Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (citing Castro). Such recharacterization is appropriate only under certain circumstances. For the following reasons, the undersigned concludes that it is not the appropriate course here.

First, plaintiff does not name the Warden of CHCF as a party to the action. A petition must name the state officer who has custody as the respondent. See Rules Governing Section 2254 Cases, Rule 2(a); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Second, plaintiff asks for damages. See ECF No. 1 at 6. Claims for damages are neither appropriate nor available on habeas review. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Third, it is not clear from the contents of the complaint that plaintiff intended to bring a habeas petition. When a plaintiff's intentions are not clear, the court should not convert a defective Section 1983 complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995); see also El-Shaddai v. Zamora, 833 F.3d 1036, 1047 (9th Cir. 2016) (referencing Trimble Court directive to construe clear habeas intent in complaint as habeas claim). Finally, Fourth Amendment such as plaintiff's claim against the Porterville Officers claims are generally not

8

cognizable as grounds for federal habeas relief.  See Stone v. Powell, 428 U.S. 465 (1976).  Neither does a claim of entitlement to recall under Cal. Code Regs. Tit. 15, § 3076 support federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (application of state law not reviewable in federal habeas).  Accordingly, recharacterizing the complaint as a habeas petition would be futile.

Because the facts and circumstances underlying plaintiff's theories for relief fail to support civil rights claims as a matter of law, and cannot be cured by amendment, leave to amend should not be granted.

VI.     PRELIMINARY INJUNCTION MOTIONS

A.     Overview

Plaintiff's first motion for a preliminary injunction, filed December 14, 2020, asks the court to order Secretary Allison to comply with Section 3076(a)(2) by making a recommendation to the sentencing court that plaintiff's commitment be recalled.  See ECF No. 3 at 1.  In support of the motion, plaintiff makes the same structural error, wrongful conviction, and false imprisonment arguments that he asserts in the complaint.  Compare ECF No. 1 at 3-4, with ECF No. 3 at 2-3.

Plaintiff's second motion for a preliminary injunction, filed January 4, 2021, is similar to yet broader than the first motion, in that it asks the court to order *all* defendants to recommend to the sentencing court that plaintiff's commitment be recalled.  See ECF No. 6 at 1-4.

B.     Analysis

"The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits'."  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980)); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010).  Because it has been determined that the claims in the instant complaint are without merit and that amendment of the complaint would be futile, these motions are moot, and the undersigned will recommend their denial as such.

////

VII.     MOTION FOR SETTLEMENT CONFERENCE

Because none of the claims in this action are cognizable and dismissal is being recommended, there is no need for a settlement conference. The motion will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Court Judge to this action;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's complaint (ECF No. 1) fails to state a claim upon which relief may be granted and will not be served (see 28 U.S.C. § 1915A(b)(1)); and

5. Plaintiff's request for a settlement conference (ECF No. 7) is DENIED as moot.

IT IS FURTHER RECOMMENDED that:

1. This action be DISMISSED for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1); and

2. Plaintiff's two preliminary injunction motions (ECF Nos. 3, 6) be DENIED as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 20, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE